IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Anquan Montrez Cobb, #300653 )<br>  )<br>                              Petitioner, )<br>  )<br>                   v. )<br>  )<br>Stan Burt, Warden )<br>of Lieber Correctional )<br>Institution, )<br>  )<br>                             Respondent. )<br>  ) | Civil Action No.8:07-3343-GRA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

      The petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 17.)

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

      The petitioner brought this habeas action on October 4, 2007.[1]  On March 7, 2008, the respondent moved for summary judgment. By order filed March 10, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 14, 2008, the petitioner filed a response.

## PROCEDURAL FACTS

      The petitioner is a state prisoner currently incarcerated in Lieber Correctional Institution. In December 2002, the petitioner was indicted for murder. Attorney Beattie

---

[1] This date reflects that the petition was stamped as received on October 4, 2007, at the Lieber Correction Institution mailroom (Pet. Attach.# 2.) Houston v. Lack, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Butler represented the petitioner and on March 15, 2004, the petitioner pled guilty to voluntary manslaughter and was sentenced to twenty years. (Tr. 9). The petitioner did not file a direct appeal.

On January 20, 2005, the petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a) 14th Amendment violation (Equal protection of law);

(b) Subject Matter Jurisdiction; Due Process violation;

(c) Ineffective Assistance of counsel.

(2005 PCR App. at 3.)

During the pendency of the PCR action, on September 6, 2006, the petitioner also filed his first federal habeas petition in this Court, C/A No. 8:06-cv-02478-GRA. On October 4, 2006, the undersigned issued a report and recommendation recommending that the petition be dismissed without prejudice and without service because the petitioner had not exhausted his available state remedies. On December 8, 2006, the United States District Court Judge G. Ross Anderson adopted the report and dismissed the petition without prejudice. The petitioner appealed to the Fourth Circuit Court of Appeals. On June 6, 2007, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. On July 23, 2007, the Court of Appeals issued the mandate.

On September 10, 2007, an evidentiary hearing on the petitioner's PCR application was held before the Honorable John C. Few. Attorney H. Stanley Feldman represented the petitioner. Judge Few denied the petitioner relief at the conclusion of the hearing (Tr. 13) and issued a written order which was filed November 20, 2007. On December 18, 2007, the petitioner filed a notice of appeal of the denial of PCR. (Resp't's Mem. Supp. Summ. J. Attach # 7.) As noted above, the petitioner filed this current habeas action on October 4, 2007, raising several grounds for relief.

**APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the

granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because the petitioner has not exhausted his state remedies. The undersigned agrees as the record shows the petitioner has not fully exhausted his available state remedies.

A convicted defendant seeking relief has two basic remedies he may pursue direct appeal and/or PCR. *See generally Dunlap v. State*, 641 S.E.2d 431, 431 (S.C. 2007)(recognizing both avenues in discussing the exhaustion of state remedies). In this case, the petitioner did not seek direct appeal, and the time for doing so has long since passed. *See generally* Rule 203 (b)(2), South Carolina Appellate Court Rules (ten (10) day limit in which to appeal after a conviction in general sessions). However, the petitioner did file for PCR and his appeal from the denial of his PCR application is presently pending in the Supreme Court of South Carolina. (Resp't's Mem. Supp. Summ. J. Attach # 7.) Thus, the petitioner has not fully exhausted his available state PCR remedies.

The petitioner does not dispute this. However, he states that he is arguing issues of "cause and prejudice" which do not require him to exhaust his state remedies and that he is not required to exhaust his state remedies. (Pet'r's Mem. Opp. Summ. J. at 14; 20.) Further, the petitioner states his state appeal of his PCR has been stayed. (*Id*. at 23. ) In support of this statement, he has filed copies of proposed motions to stay and to transfer the state PCR proceedings to this Court dated April 11, 2008. (*Id*. Attach. #5.) It appears he sent these motions to his counsel and directed her to file these with the South Carolina Supreme Court. (*Id.* Attach. #4.) First, the undersigned notes that there is no evidence in the record that these motions were ever filed in state court. However, more importantly, the motions are not evidence that the petitioner has exhausted his state remedies.

Finally, the undersigned notes that, in any event, the petitioner's state PCR appeal cannot be transferred to this Court.   Since the petitioner's PCR case is still pending, any claim raised therein has not yet been fully considered and addressed by courts of the State of South Carolina, and thus this habeas action must be dismissed.  "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."  *Galloway v. Stephenson,* 510 F.Supp. 840, 846 (M.D.N.C.1981).  *See also Wilder v. Catoe*, 2002 WL 32079235, *4 (D.S.C. 2002)("since Petitioner himself concedes in his Petition that his state action is currently pending before the state court, abstention by this Court is proper").  Thus, this petition should be dismissed in order to allow the petitioner to fully pursue and exhaust his available state remedies. *See* 28 U.S.C. § 2254 (b)(1)(A) (relief shall not be granted unless petitioner has exhausted available state remedies).

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 17) be GRANTED and the habeas petition be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 23, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).