UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Anquan Montrez Cobb, #300653, | ) | C/A No.: 8:07-cv-3343-GRA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Stan Burt, Warden of Lieber Correctional Institution, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on May 23, 2008. The plaintiff originally brought a habeas corpus petition pursuant to 28 U.S.C. § 2254, filed on October 11, 2007. He then filed an amended petition on November 8, 2007. The respondent filed a Motion for Summary Judgment on March 7, 2008. After receiving an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner responded on April 14, 2008. The magistrate recommends granting the respondent's Motion for Summary Judgment and dismissing the habeas petition without prejudice. The magistrate based her recommendation on the fact that Petitioner has failed to exhaust his available state court remedies. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Rather than filing objections, the petitioner filed a "Affidavit and Motion for an Evidentiary Hearing, and Motion to Advance Cause for an Evidentiary Hearing, and Motion to Motion Therefor" and a "Affidavit and Motion for a Writ of Mandamus and Motion to Motion Therefor" on June 2, 2008. Nothing in the petitioner's instant

motions can be construed as a specific objection to the magistrate's Report and Recommendation. In the absence of specific objections, this Court need not give a detailed explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After reviewing the magistrate's Report and Recommendation, the plaintiff's motion, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case in arriving at his recommendation. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's Motion for Summary Judgment be GRANTED.

IT IS FURTHER ORDERED THAT the petition be DISMISSED, without prejudice, and that all other motions be DISMISSED as MOOT.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   19  , 2008

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**